**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RODNEY CHIMNEY,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:05-CV-0647-Y |
| | § | |
| **COLE JETER, WARDEN,** | § | |
| **FEDERAL MEDICAL CENTER,** | § | |
| **FORT WORTH,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Rodney Chimney, Reg. 31331-077, is a federal prisoner incarcerated in the Federal Medical Center in Fort Worth, Texas.

Respondent Cole Jeter is Warden of the Federal Medical Center in Fort Worth, Texas.

## C. PROCEDURAL HISTORY

Chimney is serving a 120-month term of imprisonment for his conviction for selling, distributing or dispensing narcotics within 1,000 feet of a school and aiding and abetting in the Dallas Division. *See* CM/ECF, Criminal Docket for Case # 3:97-CR-373-3. His projected release date is October 22, 2006. *See* U.S. Department of Justice, Federal Bureau of Prisons/Inmate Locator, *available at* http://www.bop.gov. During his incarceration, Chimney signed an agreement and participated in a residential drug abuse treatment program which provisionally qualified him for early release consideration under 18 U.S.C. § 3621(e). Following completion of the program, Chimney was initially recommended for placement in a community corrections center (CCC). *See* 18 U.S.C. § 3624(c). Later, however, he was denied placement based upon the recommendation of the United States Probation Office (USPO) and his past criminal conduct. (Application for Writ of Habeas Corpus, Exhibits A-E.) The denial of CCC placement disqualifies Chimney from early release under Bureau of Prisons regulations. *See* 28 C.F.R. 550.58(a)(1)(v). Chimney's requests for administrative relief were denied. (*Id.* Exhibits E, F.)

## D. DISCUSSION

Chimney argues that, based on the Bureau's initial grant of provisional early release eligibility under § 3621(e)(2), notification of his "10% release date" as contemplated in § 3624(c), and CCC placement approval, he had a "settled expectation" to those benefits as a matter of due process and that the denial of early release and CCA placement was, thus, an abuse of the Bureau's discretion. (Application for Writ of Habeas Corpus at 3; Pet'r Rebuttal at 3.)

18 U.S.C. § 3621(e)(2)(B) allows the Bureau to reduce the sentence of a prisoner convicted of a nonviolent felony offense by up to one year upon successful completion of a drug abuse

treatment program. 18 U.S.C. § 3621(e)(2)(B); *see also* 28 C.F.R. §§ 550.50-550.60. Section 3621(e)(2)(B) explicitly leaves sentence reductions to the discretion of the Bureau. *See Lopez v. Davis*, 531 U.S. 230, 231 (2001); *Wottlin v. Fleming*, 136 F.3d 1032, 1035 (5th Cir. 1998); *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997). If a prisoner meets the prerequisites of § 3621(e)– conviction of a nonviolent offense and successful completion of drug treatment, the Bureau has the authority, but not the duty, to reduce his term of imprisonment. *Lopez*, 531 U.S. at 241. The exclusion of prisoners who cannot complete a community-based program from early-release eligibility does not conflict with the purposes underlying the statute and is a permissible exercise of the Bureau's discretion under § 3621(e). *See* 28 C.F.R. § 550.58(a)(1)(v); *Rublee v. Fleming*, 160 F.3d 213, 217-17 (5th Cir. 1998). Although the Bureau's initial grant of provisional § 3621 eligibility may have given Chimney false hope or an expectation of early release, it is well settled that there is no constitutionally protected right of a convicted person to early release under § 3621(e). *Wottlin*, 136 F.3d at 1036; *Venegas*, 126 F.3d at 765. Similarly, there is no constitutionally protected right to CCC placement pursuant to § 3624(c) during the last ten percent of a prisoner's term of imprisonment. *See Prows v. Fed. Bur. of Prisons*, 981 F.2d 466, 469-70 (10th Cir. 1992); *see also United States v. Laughlin*, 933 F.2d 786, 789 (9th Cir. 1991) ("Nothing in the language of section 3624(c) mandates that all prisoners pass through a community treatment center en route to free society.").

Chimney also argues that the Bureau's "policy of contacting the Probation Office and receiving a recommendation as to CCC placement after completion of DAP" violates the notice-and-comment requirements of the Administrative Procedure Act (APA). The National Inmate Appeals Administrator concluded that the Bureau's actions were within the authority of the Warden as set

forth in Program Statement 7310.04.[1] Program Statement 7310.04 provides that the Warden should consider contacting the Chief USPO in the release district to seek guidance on a CCC referral when there exists a basis for significant doubt regarding whether the inmate currently poses a threat to the community. Such a general policy is not a rule of the sort subject to the notice-and-comment requirements of the APA. The notice-and-comment provision of the APA applies when an agency promulgates a substantive "legislative-type" rule intended to have binding legal effect. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979). The notice-and-comment provision expressly excludes interpretative rules, general statements of policy, and rules of agency organization, procedure, or practice. 5 U.S.C. § 553(b)(A).

## II. RECOMMENDATION

Chimney's petition for writ of habeas corpus should be denied.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 31, 2006. The United States District Judge need only make a *de*

---

[1] The parties did not provide a copy of Program Statement 7310.04, however the Bureau's program statements are available on the Internet. U.S. Department of Justice, Federal Bureau of Prisons/Freedom of Information Act/Policy/Bureau Program Statements (policies), *available at* http://www.bop.gov.

*novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 31, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 10, 2006.


      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE